IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

| | | |
|---|---|---|
| BRANDY CLARK, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| | * | |
| | * | |
| vs. | * | No.3:05cv00087 SWW |
| | * | |
| | * | |
| | * | |
| | * | |
| | * | |
| CITY OF WEST MEMPHIS, ARKANSAS; | * | |
| MAYOR WILLIAM H. JOHNSON, | * | |
| individually and in his official capacity; | * | |
| PATROLMAN ANDRE NASH, individually | * | |
| and in his official capacity; SGT. CHARLIE | * | |
| DABBS, individually and in his official | * | |
| capacity; and CHIEF BOB PAUDERT, | * | |
| individually and in his official capacity, | * | |
| | * | |
| Defendants. | * | |

ORDER

This is a 42 U.S.C. § 1983 action in which the plaintiff, Brandy Clark, alleges she was subjected to excessive force during a traffic stop, violating her Fourth, Eighth and Fourteenth Amendment rights. Plaintiff also asserts a state-law claim under the Arkansas Civil Rights Act of 1993 ("ACRA"), Ark. Code Ann. §§ 16-123-101 *et seq.*, as well as state-law claims for assault and battery and, apparently, for negligent retention. The matter is before the Court on motion of defendants for partial summary judgment [doc.#16]. Plaintiff has responded in opposition to certain aspects of defendants' motion while conceding others. Having considered the matter, the Court grants in part and denies in part defendants' motion for partial summary

judgment.

I.

On December 19, 2004, plaintiff was driving in West Memphis, Arkansas when she was stopped by separate defendant Andre Nash, a police officer with the West Memphis Police Department, for a traffic violation. As a result of the traffic stop, plaintiff was issued a citation for failing to signal when changing lanes.

Plaintiff alleges that in the course of the stop, she called her fiancé, Nigel Williams, a Memphis, Tennessee police officer, because she was concerned about the stop. Plaintiff states that as Officer Nash approached her vehicle, he "cursed her by telling her to get out of the 'fucking' car and likewise yelled at her to get off the 'fucking' phone and then grabbed her left arm, hit the right side of her face, pulled the door open at which time he again struck her and twisted her wrist, placed a weapon against her ribs, yanked her out of the car, abruptly handcuffed her, threw her back in the car and then demanded that she get her driver's licenses and registration." Compl. at ¶ 6. Plaintiff states that while she was being "cuffed, struck, bruised and threatened with a weapon, [she] requested a 'Lieutenant on the scene,' at which time [Officer Nash] became more aggravated with her, and again cursed her, told her to quit running her 'fucking' mouth and hung up her phone." Compl. at ¶ 8. Plaintiff states that because Officer Nash could not find her license in her purse, "he shoved her purse at her and demanded that she get her license which she did and as she was handing the same to [Officer Nash], she again called Nigel Williams on speed dial at which time [Officer Nash] screamed more obscenities at her, and demanded she get off the phone." Compl. at 8. Ultimately, Charlie Dabbs, a Sergeant

with the West Memphis Police Department, arrived on the scene, and plaintiff advised him that Officer Nash "had struck her and cursed her, harmed her, used his weapon to threaten her and that she desired to make a formal complaint against him." Compl. at ¶¶ 9-10. Plaintiff states that Sergeant Dabbs advised her that Officer Nash did nothing to her and that when she again stated what happened, Sergeant Dabbs advised her that "'with your attitude it is no wonder' that it occurred." Compl. at ¶ 11. Plaintiff states that "following this confrontation and illegal use of force, [she] was issued a traffic citation for failure to use a signal while changing lanes." Compl. at ¶ 12.

On January 23, 2006, plaintiff was convicted of the offense for which the citation was issued. Plaintiff was not incarcerated as a result of the traffic stop or the subsequent conviction for the traffic citation.

II.

Defendants move for partial summary judgment on the following grounds: (1) plaintiff is precluded from challenging under § 1983 and the Fourth Amendment whether probable cause existed for her traffic stop or citation; (2) plaintiff does not fall within the purview of the Eighth Amendment; (3) plaintiff's Fourteenth Amendment due process claim should be dismissed; (4) William H. Johnson, Mayor of West Memphis, Bob Paudert, Chief of Police for the West Memphis Police Department, Officer Nash, and Sergeant Dabbs, individually, are entitled to qualified immunity with respect to plaintiff's probable cause claim; (5) plaintiff's probable cause ACRA claim should be dismissed for the same reasons her probable cause § 1983 claim should be dismissed; and (6) plaintiff's claim that she suffered injuries from "policies, practices and

customs which amounted to negligent retention of police officers" must be dismissed as defendants are statutorily immune from liability stemming from tort claims under Ark. Code Ann. § 21-9-301.  Defendants argue there are no genuine issues of material fact with respect to any of these issues and that they are entitled to partial summary judgment as a matter of law.

A.

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed.R.Civ.P. 56(c).  As a prerequisite to summary judgment, a moving party must demonstrate "an absence of evidence to support the non-moving party's case."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).  Once the moving party has properly supported its motion for summary judgment, the nonmoving party must "do more than simply show there is some metaphysical doubt as to the material facts."  *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986).  The nonmoving party may not rest on mere allegations or denials of his pleading, but must "come forward with 'specific facts showing that there is a *genuine issue for trial*.'"  *Id*. at 587 (quoting Fed.R.Civ.P. 56(e) and adding emphasis).  *See also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).  The inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion.  *Matsushita,* 475 U.S. at 587 (citations omitted).  However, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'"  *Id*. (citation omitted).

B.

As an initial matter, plaintiff agrees that she is precluded from challenging whether probable cause existed for the traffic stop, that her claims do not fall within the purview of the Eighth Amendment, and that defendants are entitled to qualified immunity with respect to her probable cause claim. Accordingly, the Court grants defendants' motion for partial summary judgment on those claims. The Court now turns to the claims that are disputed.

1.

First, defendants argue plaintiff's due process claim under the Fourteenth Amendment should be dismissed, stating correctly that claims of unlawful arrest and excessive force are more properly analyzed under the Fourth Amendment. *See Andrews v. Neer*, 253 F.3d 1052, 1060-61 (8th Cir 2001) (citing *Graham v. Conner*, 490 U.S. 386, 388 (1989)). Plaintiff does not dispute this characterization but merely states that "[r]egardless of whether unlawful arrest and excessive force claims are more properly analyzed under said Amendment," her claim in this case should also be analyzed under the Fourteenth Amendment as the District Judge for the City of West Memphis "is merely a pawn or an extension of the police department" and "refuses to rule against the police department, especially in cases where excessive force is an issue." The Court does not construe plaintiff's complaint to encompass such an allegation, however, and plaintiff's allegation is in any case wholly unsupported. Accordingly, the Court grants summary judgment on plaintiff' Fourteenth Amendment due process claim. *See Senty-Haugen v. Goodno*, 462 F.3d 876, 891 (8th Cir. 2006) (summary judgment proper where contention is unsupported by anything other than plaintiff's own allegations).

2.

This Court also dismisses any probable cause ACRA claim plaintiff is asserting for the same reasons as her probable clause § 1983 claim, which plaintiff concedes is properly dismissed on summary judgment. Claims under ACRA are analyzed in the same manner as § 1983 claims, *see Sylvester v. Fogley*, 383 F.Supp.2d 1135, 1139 (W.D.Ark. 2005), and plaintiff cites no authority demonstrating that the Arkansas Supreme Court would apply a materially different standard of probable cause for a traffic stop than that of the Supreme Court of the United States. Indeed, the opposite appears to be the case. *Cf. Burks v. State*, 362 Ark. 558 (2005) (probable cause for traffic stop is defined as facts and circumstances within a police officer's knowledge that are sufficient to permit person of reasonable caution to believe that an offense has been committed by the person suspected), with *Whren v. United States*, 517 U.S. 806, 810 (1996) (an automobile stop is subject to the constitutional imperative that it not be unreasonable under the circumstances; as a general matter, the decision to stop an automobile is reasonable when the police have probable cause to believe that a traffic violation has occurred).[1]

3.

The Court now turns to defendants' argument that they are immune from suit for plaintiff's negligent retention claim. Although Arkansas recognizes the tort of negligent retention, *see Saine v. Comcast Cablevision of Arkansas*, 354 Ark. 492, 497 (2002),

---

[1] It is not clear if plaintiff is asserting an unlawful arrest claim based on her traffic stop. Her complaint on that point is quite vague and conclusory. The Court would note, however, that any unlawful arrest claim plaintiff is making with respect to her traffic stop for which she was later convicted would appear to be foreclosed now that plaintiff concedes there was probable cause for the stop. *See, e.g., Malady v. Crunk*, 902 F.2d 10, 11-12 (8th Cir. 1990) (conviction for offense for which officer arrested plaintiff bars § 1983 action alleging lack of probable cause). Plaintiff also asserts a claim of "unlawful and excessive force" in arresting her, in violation of ACRA and Article 2, § 15 of the Constitution of the State of Arkansas (which is virtually identical to the Fourth Amendment). Defendants are not moving for summary judgment on that claim.

municipalities and its employees are not subject to suit for negligence unless the municipality carries liability insurance covering the particular negligent act. *Pennsylvania Nat. Mut. Cas. Ins. Co. v. City of Pine Bluff*, 354 F.3d 945, 954 (8th Cir. 2004). *See also* Ark. Code Ann. § 21-9-301 (stating municipalities are "immune from liability and from suit for damages" and that "[n]o tort action shall lie against any such political subdivision because of the acts of its agents and employees."); *Doe v. Baum*, 348 Ark. 259 (2002) (immunity granted to subdivisions named in Ark. Code Ann. § 21-9-301 extends to the officials and employees of that governmental entity); *City of Caddo Valley v. George*, 340 Ark. 203 (2000) ("[A] municipal corporation's immunity for negligent acts only begins where its insurance coverage leaves off."). *Cf. Rudd v. Pulaski County Spc. Sch. Dist.*, 341 Ark. 794, 801-02 (2000) (claim of negligence against school district and its employees for negligence with respect to fatal shooting of student on a school bus by another student would have failed because of sovereign immunity under Ark. Code Ann. § 21-9-301).

     Here, plaintiff merely states that "[n]egligence claims against city employees, including police officers, are certainly allowed to the extent there is insurance to pay said claim," and that her claim of negligent retention "is intended to be limited by the amount of applicable and available liability insurance afforded to the City of West Memphis and its elected officials." Although plaintiff does not specifically assert defendants carry liability insurance covering her negligent retention claim and does not in any way support her response to defendants' motion for summary judgment with affidavits, deposition testimony, etc., defendants do not address at all, either by affidavit or otherwise, the applicability of the insurance coverage exception and whether or not there is such coverage. As such, this Court cannot resolve the issue of immunity

on this record.  *Cf. Helena-West Helena School Dist. v. Monday*, 361 Ark. 82, 87 (2005) (court could not determine whether school district was immune for liability for student's injuries, where school district failed to include actual policy for review).  Accordingly, the Court denies defendants' motion for partial summary judgment on plaintiff's negligent retention claim.  This denial is without prejudice, however, and the Court will allow defendants to renew their motion for partial summary judgment in order to address the issue of insurance coverage relevant to plaintiff's negligent retention claim.   Any such motion must be filed within fifteen (15) days of the date of entry of this Order.

III.

For the foregoing reasons, the Court grants in part and denies in part defendants' motion for partial summary judgment.

IT IS SO ORDERED this 25th day of January, 2007.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE