IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

| | | |
|---|---|---|
| BRANDY CLARK, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | No.3:05cv00087 SWW |
| | * | |
| | * | |
| | * | |
| CITY OF WEST MEMPHIS, ARKANSAS; | * | |
| MAYOR WILLIAM H. JOHNSON, | * | |
| individually and in his official capacity; | * | |
| PATROLMAN ANDRE NASH, individually | * | |
| and in his official capacity; SGT. CHARLIE | * | |
| DABBS, individually and in his official | * | |
| capacity; and CHIEF BOB PAUDERT, | * | |
| individually and in his official capacity, | * | |
| | * | |
| Defendants. | * | |

ORDER

This is a 42 U.S.C. § 1983 action in which the plaintiff, Brandy Clark, alleges she was subjected to excessive force during a traffic stop, violating her Fourth, Eighth and Fourteenth Amendment rights. Plaintiff also asserts a state-law claim under the Arkansas Civil Rights Act of 1993 ("ACRA"), Ark. Code Ann. §§ 16-123-101 *et seq.*, as well as state-law claims for assault and battery and, apparently, for negligent retention.

By Order entered January 25, 2007 [doc.#20], this Court, among other things, denied without prejudice defendants' motion for partial summary judgment on plaintiff's negligent retention claim as this Court was unable to determine on the record as it then existed the applicability of the insurance coverage exception and whether or not there is such coverage. Defendants have now renewed their motion for partial summary judgment on plaintiff's negligent retention claim [doc.#21] and have submitted affidavits establishing that the City of

West Memphis, its Police Department, and Police Chief do not carry any insurance which covers negligent retention claims or any negligence claims alleged in plaintiff's complaint, nor did they carry such insurance at the time of the incident giving rise to this action. Plaintiff has not responded to defendants' motion and the time for doing so has passed. Accordingly, because municipalities and its employees are not subject to suit for negligence unless the municipality carries liability insurance covering the particular negligent act, *see Pennsylvania Nat. Mut. Cas. Ins. Co. v. City of Pine Bluff*, 354 F.3d 945, 954 (8th Cir. 2004); *see also* Ark. Code Ann. § 21-9-301 (stating municipalities are "immune from liability and from suit for damages" and that "[n]o tort action shall lie against any such political subdivision because of the acts of its agents and employees."), and because defendants have established they do not carry such insurance, the Court grants defendants' motion for partial summary judgment on plaintiff's negligent retention claim.

IT IS SO ORDERED this 2nd day of March, 2007.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE